JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00692-DOC-RAOx                                    Date: April 23, 2024

Title: Gregory Munck et al v. Hyundai Motor America

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):    ORDER SUA SPONTE REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

## I.    Background

Soon after Plaintiff purchased a 2016 Hyundai Tuscon from Defendant, the car began experiencing mechanical problems. Complaint ("Compl.") (dkt. 1-1) ¶ 6. Plaintiff then sued in Orange County Superior Court, alleging violations of various provisions of California law as well as the Magnuson-Moss Act, a federal law. *See generally id.*

Defendant removed the case to federal court. *See* Notice of Removal ("Not.") (Dkt. 1). Defendant asserts that this Court has federal question jurisdiction over Plaintiff's Magnuson-Moss claim and supplemental jurisdiction over the state law claims. *Id.* at 2. The Court disagrees.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-02440-DOC-JDEx                              Date: April 23, 2024

Page 2

## II.   Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.   Discussion

The Court's jurisdiction over this case hinges on whether it has federal question jurisdiction over Plaintiff's Magnuson-Moss claim. To bring a Magnuson-Moss claim in federal court, the amount in controversy must exceed $50,000. 15 U.S.C. § 2310(d)(3)(B). Defendant has not met its burden to show that the amount in controversy exceeds this jurisdictional threshold.

Plaintiff alleges that they are entitled to a refund of the entire purchase of the vehicle, but the car cost only $31,127.60. Compl. ¶¶ 9-11, 38. To reach the jurisdictional threshold, defendant argues that the Court should include statutory civil penalties and attorneys' fees in its calculation. Not. at 3-4. This Court, however, does not include these types of speculative awards when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-02440-DOC-JDEx						Date: April 23, 2024

Page 3

discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

Because Defendant has not met its burden to show that the amount in controversy exceeds $50,000, the Court lacks subject matter jurisdiction over this case.

### IV.     Disposition

For the foregoing reasons, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11						Initials of Deputy Clerk: kdu

CIVIL-GEN